```
JC5VALLC
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

         v.                                        19 CR 833 (SHS)

CHAD ALLEN, SHANE HANNA,
CAMERON BREWSTER,

              Defendant.                    BAIL REVIEW

------------------------------x

                                       New York, N.Y.
                                       December 5, 2019
                                       3:13 p.m.

Before:

                  HON. SIDNEY H. STEIN,

                                District Judge

                       APPEARANCES

GEOFFREY S. BERMAN,
    United States Attorney for the
    Southern District of New York
BENET J. KEARNEY
ROBERT B. SOBELMAN
    Assistant United States Attorneys

JASON E. FOY
    Attorney for Defendant Allen

RICHARD H. ROSENBERG
    Attorney for Defendant Hanna

RYAN P. POSCABLO
    Attorney for Defendant Brewster

ALSO PRESENT:   CHRISTOPHER BASTOS, NYPD/HSI
                MARCUS MURPHY, HSI
                LISA CHAN, Pretrial Services
                COURTNEY DEFEO, Pretrial Services

1       THE COURT:  All right.  Let's handle Mr. Allen first.

2       Have the parties talked to each other?

3       MS. KEARNEY:  Thank you, your Honor.

4       Yes, the parties have conferred; although I'm not sure
5  we formally reached an agreement.  But the government does have
6  a proposed package for your Honor's consideration.

7       THE COURT:  Yes, ma'am.

8       MS. KEARNEY:  The government proposes that Mr. Allen
9  be released on a $250,000 --

10      THE COURT:  Well, wait.  Before you do that, talk to
11 his attorney, and then you'll let me know whether you agree or
12 not.

13      MS. KEARNEY:  Great.

14      THE COURT:  And if there's a disagreement, I'll deal
15 with that disagreement.

16      MS. KEARNEY:  All right.  Thank you.

17      MR. FOY:  We agree.  There's just one --

18      (Counsel conferred)

19      THE COURT:  Yes, ma'am.

20      MS. KEARNEY:  Thank you, your Honor.

21      I believe we have a jointly recommended package, and
22 Mr. Foy will jump in if I get anything incorrect.

23      We propose that Mr. Allen be released pursuant to a
24 $250,000 personal recognizance bond that will be cosigned by
25 one financially responsible person and one moral suasion

Case 1:19-cr-00833-SHS   Document 54   Filed 01/08/20   Page 3 of 14      3
JC5VALLC

cosigner; that pretrial services will supervise as directed; that he will surrender all of his travel documents and not make any new applications; that his travel be restricted to the District of Arizona and the Southern and Eastern Districts of New York, and any points in between that are necessary for his travel to and from court; that drug testing and treatment will be administered pursuant to pretrial services' direction; that he not have contact with codefendants unless in the presence of counsel.

And two conditions which were imposed in connection with the other six defendants in this case, your Honor, and that is that he be prohibited from dissipating assets in personal or corporate accounts over which he exercises control, unless that payment is for legal services or the sum is less than $10,000. Any disbursement of $10,000 or more must be cleared in advance by pretrial.

The second condition is that he not work at a --

THE COURT: Wait, wait.

You said the second condition.

MS. KEARNEY: The second proposed condition that is not listed in the pretrial report. I'm sorry, your Honor.

THE COURT: All right.

MS. KEARNEY: Is that he not work at a list of companies which I can read to your Honor, but I've also provided the list to your deputy. That is C. Allen Consulting,

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1  Choice Business Resources, DTCA Consulting Services, Innovative
2  Management Group, Dakag Holdings --
3            THE COURT:  D-A-K-A-G.
4            MS. KEARNEY:  That's correct.
5            Diamond Consulting Services, Jayco Industries,
6  Safemeds Inc., Hilton Tax, and Reliable Business Consultants.
7            And your Honor, I also believe that pretrial has
8  requested that there be a condition that he surrender his
9  firearms.
10           THE COURT:  The firearm is now in Arizona; is that
11 correct?  I'm asking the defendant.  Yes?
12           DEFENDANT ALLEN:  Yes, your Honor.
13           THE COURT:  And I take it it was legally obtained.
14           DEFENDANT ALLEN:  Yes, your Honor.
15           THE COURT:  All right.
16           Anything else?  Government?
17           MS. KEARNEY:  No, your Honor.  Thank you.
18           THE COURT:  Do either of the parties have any
19 objection to my simply -- yes, sir, Mr. Foy.
20           MR. FOY:  I just want to extend the travel
21 restrictions to the District of New Jersey where my office is.
22           THE COURT:  All right.
23           Do the parties have any objection to my simply saying
24 that I am ordering each of the conditions set forth by the
25 government, as opposed to reciting them all now?

    What's the position of the government?

    MS. KEARNEY: That's fine by us, your Honor.

    THE COURT: Mr. Foy?

    MR. FOY: That's fine, your Honor.

    THE COURT: All right.

    And the visits to New Jersey are limited for the purpose of seeing Mr. Foy. And the in-between places, that is, between the District of Arizona, on one hand, and the Eastern District and Southern Districts of New York, on the other, are limited to his coming here for purposes of legal defense.

    MR. FOY: Your Honor, with regards to the signatures, obviously we don't have a problem with the two signatures. His wife already signed in Arizona, because he was on pretrial services before he got here. Would that one signature qualify? We just need to get an additional one for the moral suasion, although I think that's --

    THE COURT: Are you presenting her as moral suasion or are you presenting her as financially responsible?

    MR. FOY: In a way, she's both, but she has a job, so she could be financially responsible and have that moral suasion component. I guess I want to use her for financially responsible so I can just get a moral suasion, which is easier.

    THE COURT: I think the narrower question is will the government accept the signature in Arizona of the wife.

    MS. KEARNEY: Subject to our office's interview of

1   Mr. Allen's wife, she can re-sign in affidavit and there's no
2   need for her to travel here.
3            THE COURT:  Re-sign.  That's slightly different.
4            MS. KEARNEY:  The historical signature.
5            THE COURT:  All right.
6            Mr. Foy, do you understand?
7            MR. FOY:  So I'll have her contact them by telephone
8   and we can comply within seven days.
9            THE COURT:  She doesn't have to come here, that's for
10  sure.
11           MR. FOY:  Right.  Telephone call, yes.
12           THE COURT:  All right.  Fine.
13           MS. KEARNEY:  That's fine.  Thank you.
14           THE COURT:  All right.  Thank you.
15           So I'm adopting the conditions set forth by the
16  government, with the minor alterations that I just made now.
17           All right.  Mr. Hanna.
18           MR. ROSENBERG:  Mr. Hanna is also out on a $250,000
19  bond from Arizona.
20           THE COURT:  From Arizona.
21           All right.  Ms. Kearney, is there an agreed-upon
22  package here?
23           MS. KEARNEY:  Yes, your Honor.
24           We also conferred with defense counsel.  And we
25  propose a package similar to Mr. Allen's; that is, a $250,000

1     personal recognizance bond signed by one financially
2     responsible person and one moral suasion cosigner; pretrial
3     services as directed; that he surrender his travel documents
4     and make no new applications; that his travel be restricted to
5     the District of Arizona and the Southern and Eastern Districts
6     of New York, with points in between for travel to and from
7     court; that drug testing and treatment be administered as
8     directed by pretrial services; that he not have contact with
9     codefendants unless in the presence of counsel; that he
10    surrender his firearms to pretrial services.
11            And then the two conditions that we discussed with
12    respect to Mr. Allen regarding where Mr. Hanna works.  So the
13    same condition, with a different list of companies that I will
14    read.
15            THE COURT:  Set it forth for the record.
16            MS. KEARNEY:  Ebiz Financial Group, Pinnacle Marketing
17    Group, American Business Builders, UMS Group, Hilton Tax, and
18    Reliable Business Consultants.
19            And the same provision regarding a dissipation of
20    assets.
21            I can read it again, if your Honor would like.
22            THE COURT:  No, no, I have it all.
23            And did you list travel?
24            MS. KEARNEY:  Yes.  District of Arizona, the Southern
25    Eastern Districts of New York, and points in between for travel

1   to and from court.
2           THE COURT:  Mr. Rosenberg, is all that agreed to?
3           MR. ROSENBERG:  Yes, your Honor.  I just would like to
4   point out that Mr. Hanna's wife is in court.  She was the
5   signer in Arizona.  She's been interviewed by the U.S.
6   Attorney's Office today.  And I think the agreement is that
7   Mr. Hanna can continue on bail with her signing the bond today
8   in the clerk's office, and that we'd have some time to get the
9   financially responsible signer by the end of next week, if
10  that's agreeable to the Court.
11          MS. KEARNEY:  A week is fine, your Honor.
12          THE COURT:  All right.  I'll adopt all of those.
13          And if his wife would stand so I can see her.
14          All right.  Welcome.  Please be seated.
15          THE COURT:  All right.  Mr. Brewster.
16          MR. POSCABLO:  Your Honor, may I just have a moment to
17  speak with Ms. Kearney?
18          THE COURT:  Yes.
19          MR. ROSENBERG:  I just want to add one thing about the
20  drug testing.  Mr. Hanna has been in AA for the last eight or
21  ten years, as a sponsor even.  And there was some reference to
22  his prior use, but that was many years ago.
23          THE COURT:  I saw that in the report.
24          What do you want to tell me?
25          MR. ROSENBERG:  Well, I don't know how necessary it

JC5VALLC

1    is, but I'll leave it up to the pretrial --
2             THE COURT:  Exactly right.  I'm leaving it -- it's
3    within their ken.
4             MR. ROSENBERG:  Just wanted to make it clear, Judge.
5             THE COURT:  All right.  Understand.
6             (Counsel conferred)
7             MS. KEARNEY:  Your Honor, with the exception of one
8    condition, we have an agreed-upon proposed package for your
9    consideration.
10            THE COURT:  Yes, ma'am.
11            MS. KEARNEY:  And that is that Mr. Brewster be
12   released on a 250,000 personal recognizance bond, cosigned by
13   one financially responsible person and one moral suasion
14   cosigner.
15            THE COURT:  If we could have no whispering in the
16   courtroom.  It's distracting.
17            Go ahead.
18            MS. KEARNEY:  That pretrial services be as directed;
19   that he surrender his travel documents and make no new
20   applications.
21            I'm going to skip the travel condition, because that's
22   the one we have a dispute on.
23            That drug testing and treatment be as directed by
24   pretrial services; that he not have contact with codefendants
25   unless in the presence of counsel.

1           I don't believe he has firearms.
2           And then the --
3           THE COURT:  Did you say he does not have firearms?
4           MS. KEARNEY:  I don't believe he does.
5           MR. POSCABLO:  That's not correct.
6           MS. KEARNEY:  I'm sorry.
7           MR. POSCABLO:  He does have firearms.  And my
8    understanding is that the District of Nevada did not require
9    his surrender of his firearms.
10          THE COURT:  I am going to require the surrender of his
11   firearms.
12          MR. POSCABLO:  Okay, your Honor.
13          MS. KEARNEY:  Then that he be required to surrender
14   his firearms; that he not work at the following companies:
15          Higher Standards Business, E-Commerce Learning, Money
16   Sucking Website.
17          THE COURT:  Yes, that was a particularly interesting
18   one in the indictment.
19          Go ahead.
20          MS. KEARNEY:  Dynamic Fulfillment, Ecomm 123,
21   Ecommerce Consulting, Ecommerce Web Development, Elite
22   Mentoring, FO Consulting, Freedom Ecommerce, Indigo Group,
23   Kreative, with a K, Omega Mentoring Group, Platinum Institute,
24   and Red Steele.
25          We also request that he be prohibited from dissipating

JC5VALLC

1  his assets, with the same language proposed earlier.
2           THE COURT:  Mr. Poscablo, what's the area of
3  disagreement in regard to travel?
4           MR. POSCABLO:  It's just minor, your Honor.
5           Mr. Brewster is the father of five children, and they
6  are all located in various states.  And I'll name the states.
7  It's Nevada, Washington State -- Nevada and Utah.  He has
8  family in Idaho, in California, and Arizona as well.  And he
9  also has businesses that he -- a business that he is tending to
10 that requires him to travel to those areas.
11          THE COURT:  What, Idaho, California and Arizona?
12          MR. POSCABLO:  So it's Nevada, New York, Washington
13 State --
14          THE COURT:  Wait, wait, wait.
15          New York is a new one.
16          MR. POSCABLO:  Well, he has to --
17          THE COURT:  For purposes of trial, yes.
18          MR. POSCABLO:  Yes, your Honor.
19          THE COURT:  Go ahead.
20          MR. POSCABLO:  I'm sorry, Judge.
21          New York, Nevada, and then Washington State, Idaho,
22 Utah, California, and Arizona.
23          THE COURT:  Government?
24          MS. KEARNEY:  We propose that it be restricted to the
25 District of Nevada, the Southern and Eastern Districts of New

1    York, and points in between for travel to and from court.
2                We don't think that's unduly restrictive.  If
3    Mr. Brewster needs to visit family or attend to matters, he can
4    alert pretrial and request their permission.
5                THE COURT:  Mr. Poscablo, what's the -- I don't know
6    how often he goes to these places.  The family one I'm not
7    going -- is the family Utah and Washington?
8                MR. POSCABLO:  It is Nevada, where he lives, your
9    Honor, Utah, and Washington, that's correct.
10               THE COURT:  All right.  Well, I'm not going to -- I'm
11   not going to include that on the places he can visit.  If
12   there's a particular reason for him to visit his family in Utah
13   and Washington, he can make an application to pretrial
14   services, and then they'll contact the parties and ultimately
15   contact me.  So that knocks out Utah and Washington.  Nevada,
16   if he lives there, obviously he has to go there.
17               What about Idaho and California and Arizona?
18               MR. POSCABLO:  Those are areas where -- he has family
19   in some of those areas, your Honor, but we're asking primarily
20   because he has a business that would require his travel to
21   those states.
22               THE COURT:  And what's the business and what's the
23   travel requirement?  And how often, how frequently?
24               MR. POSCABLO:  The business, your Honor, is a solar
25   business that he started about three months ago.  I believe he

1    just kicked it off, so I think -- he has been traveling there
2    three or four times a month is what I understand.
3            THE COURT:  Where?  Traveling where?
4            MR. POSCABLO:  In Utah and Arizona and California.
5            THE COURT:  Do I have a pretrial services report on
6    this defendant?  I don't seem to have it in front of me.
7            (Pause)
8            THE COURT:  How often does he go to Idaho, California,
9    and Arizona?
10           MR. POSCABLO:  Twice a month, your Honor, for each of
11   Utah, California, and Arizona.
12           THE COURT:  All right.
13           I'm going to impose the conditions that are all agreed
14   upon.
15           In terms of where he can travel, right now it's
16   Southern District of New York, Eastern District of New York,
17   District of Nevada, points in between insofar as he's going or
18   coming -- going to or coming from a court appearance in the
19   Southern District of New York.  That's how it is now.
20           What I want from him by a week from tomorrow is an
21   affidavit as to the visits he has made in the past three months
22   to Idaho, California, and Arizona for business, and the
23   necessity for continued visits there.  In other words, if he
24   can conduct this business by phone -- although not as well as
25   in person -- I want to know that.  All right?

1          Right now it's the conditions as requested by the
2     government for travel.  By a week from Friday, I want an
3     affidavit from him as to the visits he's made to Idaho,
4     California, and Arizona, and why he made those visits, and
5     what's needed in the future, and why.
6          MR. POSCABLO:  Yes, your Honor.
7          MS. KEARNEY:  May I request, your Honor, that it
8     include where in California he intends to visit, since there
9     are three or four districts in California?
10         THE COURT:  I want the specific cities that he has to
11    go to in Idaho, California, and Arizona.
12         MS. KEARNEY:  Thank you.
13         THE COURT:  Anything else from anyone?
14         MR. POSCABLO:  No, your Honor.  Thank you.
15         THE COURT:  All right.
16         I'll see everyone, then, in three months.
17                         *   *   *