AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

United States of America )
v. )
Jennifer Shah ) Case No. 19-cr-833(SHS)
_____ )
Defendant )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To: LISA SCOLARI ESQ
20 VESEY STREET, SUITE 400, NEW YORK, NY 10007
*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

SEE ATTACHMENT A

| Place: CHAUDHRY LAW PLLC<br>45 W 29TH STREET, STE 303, NEW YORK, NY, 10001<br>SZUCKERMAN@CHAUDHRYLAW.COM | Date and Time: FEBRUARY 22ND, 2022<br>AT 10:00 AM |
|---|---|

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

(SEAL)

Date: FEB - 1 2022

RUBY J. KRAJICK
CLERK OF COURT

_____
Signature of Clerk or Deputy Clerk

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Jennifer Shah
_____, who requests this subpoena, are:
SETH J ZUCKERMAN, CHAUDHRY LAW PLLC, 45 W 29TH STREET, STE.303, NEW YORK, NY, 10001
SZUCKERMAN@CHAUDHRYLAW.COM, 212-785-5558

**Notice to those who use this form to request a subpoena**
Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

# ATTACHMENT A
## DEFINITIONS

1. "Defendant" means Defendant Jennifer Shah in the criminal case entitled *United States of America v. Jennifer Shah*, in United States District Court for the Southern District of New York, Case No. 1:19-Cr-833 (SHS).

2. This "Matter" refers to the criminal cases entitled *United States of America v. Jennifer Shah*, Case No. 1:19-Cr-833 (SHS) and *United States of America v. Ketabchi, et al.*, Case No. 1:17-cr-00243 (SHS), in the United States District Court for the Southern District of New York.

3. "You," "Your," or "Yours" means you, your past and current agents, attorneys, accountants, employees, and representatives.

4. "Proffer Session" refers to any meeting attended by You and Your client in this Matter on the one hand, and any representative from the United States Attorney's Office and/or law enforcement agents on the other hand.

5. "Agent" means an individual or entity's past and current agents, attorneys, accountants, employees, and representatives.

6. "Document(s)" is used in the broadest possible sense permissible under the Federal Rules of Criminal Procedure and means each and every written, recorded or graphic matter or materials of any kind, type, nature or descriptions (whether in tangible, oral, hard copy, printed or electronic form) that is or has been in your possession, custody or control, including all hard copy documents, correspondence, memoranda, tapes, stenographic or handwritten notes, forms of any kinds, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, electronic mail, Bloomberg messages, text messages, voice mails, instant messages, calendar, appointment

otherwise, teletypes, telexes, facsimiles, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, surveys, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, CDs, computer disks or diskettes, things, brochures, pamphlets or any written or recorded materials of any other kind, however, stored, recorded, produced or reproduced (whether in tangible, hard copy, printed or electronic form), and also including drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

7. "Communication(s)" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any means, including, but not limited to, letter, facsimile, email, memorandum, telephone, text message, direct message over social networking sites and/or any type of Document.

8. "Electronically Stored Information" or "ESI" includes all of the items in electronic format that are included in the definition of the term "Document(s)" above, and also more specifically, email messages, instant messages, text messages, word processing documents (e.g., memos, letters), databases, spreadsheets, voicemail messages, digital photographs, sound recordings, video recordings, accounting application data (e.g., QuickBooks), presentations (e.g., PowerPoint), Internet and Web-browser-generated history files, caches and "cookies" files, and data, communications, or posting or messages on any social networking site (e.g., Facebook, LinkedIn, Twitter, Instagram, etc.).

9. "Relating to" means referring to, regarding, reflecting, concerning, constituting, comprising, containing, setting forth, summarizing, relating to, stating, describing, recording, noting, embodying, mentioning, studying, analyzing, evidencing, discussing orevaluating,

2

directly or indirectly.

10. The terms "all," "each," and "every" shall be construed so as to provide the most complete and comprehensive response.

11. The term "any" includes the word "all," and the term "all" includes the word "any."

12. The term "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to make a request inclusive rather than exclusive, and to bring within the scope of these requests any all Documents and ESI which might otherwise be construed to be outside their scope. Similarly, wherever necessary to ensure the completeness or accuracy of these Requests, the singular includes the plural and the plural includes the singular, and the use of the present tense of any word shall include the past tense and vice versa.

## GENERAL INSTRUCTIONS

1. You are requested to produce all Documents designated below which are in Your possession, custody or control, or in the possession, custody or control of Your agents, attorneys, accountants, employees or representatives.

2. You are requested to produce the original and all non-identical copies, including all drafts, of each Document requested. If You are not able to produce the original of any Document, please produce the best available copy and all non-identical copies, including drafts.

3. Each request for Documents herein and subparagraphs or subdivisions thereof shall be construed independently, and no other request or subparagraph or subdivision thereof shall be referred to or relied on for the purpose of limiting its scope except insofar as the request or subparagraph or subdivision construed expressly refers to another request or subparagraph or subdivision thereof.

4. If any Document requested herein was at one time in existence, but has been lost, discarded or destroyed, identify each such Document including its date, author, number of pages, attachments or appendices, sender, recipients, last custodian and subject matter and the paragraph of this request to which such Document is or wouldhave been responsive, and stating the date, place, manner, and circumstance of, and the reasons for, the Document's destruction, discard or loss.

5. If You claim any privilege as a basis for not answering any request or any portion thereof or for withholding any otherwise responsive Document, please set forth with respect to each such Document, in sufficient detail to identify the particular Document, and to allow the court to adjudicate the validity of each claim of privilege, without disclosing the information which is claimed to be privileged, the following:

    a. The type of Document (e.g., letter, memorandum, report, etc.);

    b. Its title and file reference, if any;

    c. The subject matter of the Document;

    d. The name, title, employer and address (or last known title, employer and address if current information is unavailable) of each person who drafted, revised, signed, provided information for, or received such Document, and state for each such person whether he or she is an attorney and, if so, on whose behalf he or she was acting; and

    e. The basis of the claim of privilege, and each fact relied upon in claiming the privilege.

6. If redacted Documents are produced, the reasons for the redactions shall be set forth either on the Documents that have been redacted or on attachments to the redacted

Documents.

7.	If You do not possess Documents necessary to comply with a request, You are under a duty to make a reasonable effort to obtain such Documents. These requests are continuing in nature. If, after the initial production of Documents, You obtain, discover, locate, or generate any further Documents responsive to these requests, supplementary responses are to be served and such Documents are to be made available to Defendant.

8.	Documents produced electronically shall be produced in a searchable TIFF format, with optical character recognition (OCR). The unitization of each document shall be maintained as it existed in each original document, meaning the first and last page of each document shall be identified.

9.	**You are requested to produce all Documents and items designated below via email, if possible, to Seth J. Zuckerman, Esq. at szuckerman@chaudhrylaw.com. If said Documents and other items cannot be produced via email, You are requested to produce said items to Seth J. Zuckerman, ChaudhryLaw PLLC at 45 W. 29th Street, Ste. 303, New York, NY 10001.**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.	All documents and communications between You and any member of the United States Attorney's Office concerning this Matter.

2.	All documents and communications between You and any law enforcement agent concerning this Matter.

3.	All attorney notes or other documents prepared by You from each Proffer Session attended by William Sinclair in connection with this Matter.